UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


RICHARD TIPTON, ET AL                                    CIVIL ACTION

VERSUS                                                   NO. 08-1267

NORTHROP GRUMMAN CORPORATION                             SECTION "K"(5)


## ORDER AND OPINION

Before the Court is the "Motion to Dismiss" filed on behalf of the United States Department of Labor (DOL)(Doc. 59.) Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion and dismisses with prejudice all of plaintiffs' claims against the United States Department of Labor.

BACKGROUND

Plaintiffs Richard Tipton, James Ursin, Donald Meacham, Berwick Lagarde, Oscar Dorsey, Oswaldo Rodriguez, and Alvin Breaux were employed by Northrop Grumman Ship Services, Inc.("NGSS") at it shipbuilding facility at Avondale, Louisiana. Each plaintiff sustained an employment related injury. Each plaintiff, as a result of his injury, has permanent physical limitations which restrict his work activities. Despite those physical limitations, each plaintiff returned to work at the Avondale facility, and NGSS assigned each plaintiff to the Restricted Work Rehabilitation Program ("RWRP") which provided employment for NGSS workers who had previously sustained injuries resulting in permanent work restrictions. As employees in the RWRP, plaintiffs were classified as semi-skilled workers for pay purposes and were therefore paid an hourly rate less than that they

earned prior to their injuries.[1] The RWRP job classification and the corresponding wage rate resulted from negotiations between NGSS and the New Orleans Metal Trades Council-AFL-CIO ("Union"). Plaintiffs, with the exception of Oswaldo Rodriguez, remain employed by NGSS and continue to be assigned to the RWRP.

Plaintiffs, *pro se*, filed suit against NGSS, Northrop Grumman Corporation, the DOL, F.A. Richards & Associates, Inc., the New Orleans Metal Trades Council-AFL-CIO, and the International Association of Machinists and Aerospace Workers Local Lodge #37 alleging claims for violations of the Americans with Disabilities Act (42 U.S.C. §12111, *et seq.*) ("ADA"), Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e) ("Title VII"), the Longshore & Harbor Workers Compensation Act (33 U.S.C. §901 *et seq.*)("LHWCA"), and the Racketeering Influenced and Corrupt Organizations Act ( 18 U.S.C. §1961 *et seq.*)("RICO").

LAW AND ANALYSIS

The DOL seeks dismissal of plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(1) which provides for dismissal for "lack of subject-matter jurisdiction." The DOL urges that the doctrine of sovereign immunity shields it from plaintiff's claims. In considering a motion to dismiss for lack of subject matter jurisdiction, " 'a claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of her claim that which would entitle her to relief.' " *Wagstaff v. U.S. Dep't. of Education*, 509 F.3d 661, 663 (5th Cir. 2007) (quoting *Bombardire Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot, & Wansbrough*, 354 F.3d 348, 351 (5th Cir. 2003).

---

[1] The RWRP program apparently no longer exists in the same form as when each plaintiff returned to work and was assigned to the program. For purposes of this motion, the changes in the program are not material.

"The United States must consent to be sued, and that consent is a prerequisite to federal jurisdiction." *Delta Commercial Fisheries Ass'n v. Gulf of Mexico Fishery Mgmt. Council*, 364 F.3d 269, 273 (5th Cir. 2004). To put it another way, "sovereign immunity shields the Department of Labor and all other United States 'departments' from damages actions absent a waiver." *Kenemore v. U.S. Dep't. of Labor*, 68 F.3d 468, 1995 WL 581664 (5th Cir 1995), citing *Williamson v. U.S. Dep't. of Agriculture*, 815 F.2d 368, 373 (5th Cir. 1987).

"Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Therefore, the federal government's waiver of sovereign immunity must be "unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 2096, 135 L.Ed.2d 486 (1996) (internal quotation and citation omitted.)

As noted herein above, plaintiffs have alleged violations of the ADA, Title VII the LHWCA, and RICO. Both the ADA and Title VII prohibit employment discrimination. Plaintiffs concede that they are not employed by the DOL. (Doc. 60). Neither the ADA nor Title VII, include an explicit waiver of sovereign immunity permitting a non-employee to file suit against the United States or one of its agencies or departments.

Plaintiffs also assert a RICO claim against the DOL. Although the Fifth Circuit has not apparently addressed the issue of whether a RICO claim can be brought against the United States, or an agency or department of the United States, other courts have concluded that RICO claims may not be brought against the United States or its agencies or departments. *Berger v. Pierce,* 933 F.2d 393, 396 (6th Cir. 1991) (no RICO claim against the federal government); *Andrade v. Chojnacki*, 934 F.Supp. 817, 831 (S.D. Tex. 1996) ("[p]laintiffs cannot state a claim against the United States

for the actions of its agencies under RICO"); *McMillan v. Dep't of Interior*, 907 F.Supp. 322, 326 (D. Nev. 1995), *aff'd* 87 F.3d 1320 (9th Cir. 1996)(Table), *cert. denied* 519 U.S. 1132, 117 S.Ct. 995, 136 L.Ed.2d 875 (1997) ("No RICO statute waives the sovereign immunity of the United States or its agencies."); *Norris v. Dep't of Defense*, 1997 WL 362495 (D.C. May 5, 1997) (claim against Department of Defense for treble damages under RICO barred by sovereign immunity); *Ron-Messer v. National Democratic Party*, 2008 WL 1968825 (D.D.C. May 7, 2008) ("any RICO claim against the United States must fail because Congress has not waived the United States' immunity against such claims."); *Poole v. Roll*, 2008 WL 768728 (D.D.C. March 20, 2008) ("Congress has not waived the United States' immunity with respect to RICO.).

The DOL also moves to dismiss the LHWCA claims brought against it by plaintiffs. Construing plaintiffs' *pro se* complaint liberally, as the Court is required to do,[2] the Court can discern no claim under the LHWCA for which sovereign immunity has been waived. As noted herein above, plaintiffs concede that the DOL is not their employer. In plaintiffs' memorandum in opposition to DOL's motion to dismiss, they clarify that the basis for their LHWCA claim against the DOL is that while the DOL provided funding for the "Program in question," the DOL failed to investigate the alleged insurance fraud taking place within the program. (Doc. 60.) Plaintiffs have not cited, nor has the Court located, any provision of the LHWCA explicitly waiving sovereign immunity for a claim, such as that alleged by plaintiffs. Absent a waiver of sovereign immunity, plaintiffs' LHWCA claim must be dismissed.

In an attempt to prevent dismissal of their stated claims against the DOL, plaintiffs urge that the Court has subject matter jurisdiction over their claims pursuant to various statutes not cited in

---

[2] *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972).

4

their complaint, i.e., 28 U.S.C. §1331, 28 U.S.C. §1361, the Federal Tort Claims Act (28 U.S.C. §1326 et. seq.)("FTCA"), and Section 303 of the Labor Management Relations Act (29 U.S.C. §187). Plaintiffs' reliance on those statutes cannot salvage their claims.

The Court notes that plaintiffs complaint does not presently cite 28 U.S.C. §1363, the FTCA, or §303 of the Labor Management Relations Act as a basis for the claims. Moreover, the Court need not provide plaintiffs with an opportunity to amend their complaint to allege claims under those statutes, as any such claim would be futile. *See Stipling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000).

Although 28 U.S.C. §1331 establishes original federal jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States," it is not in and of itself a waiver of sovereign immunity. *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982). A waiver of sovereign immunity "must be found in the statute giving rise to the cause of action." *Id.*

The FTCA provides the exclusive remedy against the United States "for damages for injury or loss of property 'resulting from the negligent or wrongful conduct of any employee of the Government while action within the scope of his office or employment.' " *McLaurin v. United States*, 392 F.3d 774, 777 (5th Cir. 2004), *quoting* 28 U.S.C. §2679(b)(1). The FTCA mandates that in order to maintain a suit against the United States, a plaintiff provide the appropriate federal agency with notice of his claim . 28. U.S.C. §2675(a). "The giving of such notice is a jurisdictional prerequisite and cannot be waived." *Transco Leasing Corp. v. U.S.,* 896 F.2d 1435, 1441 (5th Cir. 1990). Additionally, 28 U.S.C. §2675(a) prohibits institution of a FTCA claim prior to final disposition of the claim by the appropriate agency. Plaintiffs have not indicated that they have given the Department of Labor notice of this specific claim. Moreover, it is reasonable to conclude

that *if* plaintiffs had provided notice of their claim under the FTCA to the Department of Labor that they would have specifically alleged an FTCA claim against the DOL in their complaint. Absent exhaustion of the administrative prerequisites necessary to file a suit under the FTCA, the Court lacks subject matter jurisdiction over such a claim.

Plaintiffs also urges that the Court has jurisdiction pursuant to 28 U.S.C. §1361 which provides: "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Plaintiffs claims seek relief in the form of unliquidated money damages. "A claim for unliquidated money damages, [] cannot be maintained under [28 U.S.C. §1361]." *Spaulding v. Nielsen*, 599 F.2d 728, 730 (5th Cir. 1979). Thus, §1361 does not provide the Court with subject matter jurisdiction for plaintiffs' claims for unliquidated money damages.

Plaintiffs attempt to establish subject matter jurisdiction over their claims based on Section 303 of the Labor Management Relations Act, 29 U.S.C. §187, which provides:

> (a) It shall be unlawful, for the purpose of this section only, in an industry or activity affecting commerce, for any labor organization to engage in any activity or conduct defined as an unfair labor practice in section 158(b)(4) of this title.
>
> (b) Whoever shall be injured in his business or property by reason or [sic] any violation of subsection (a) of this section may sue therefore in any district court of the United States subject to the limitations and provisions of section 185 of this title without respect to the amount in controversy, or in any other court having jurisdiction of the parties, and shall recover the damages by him sustained and the cost of the suit.

That provision does not contain an explicit waiver of sovereign immunity, and as previously stated, a waiver of sovereign immunity cannot be implied. Absent an explicit waiver of sovereign immunity, this Court lacks subject matter jurisdiction over plaintiff's claims. Accordingly,

6

**IT IS ORDERED** that the "Motion to Dismiss" filed on behalf of the United States Department of Labor (Doc. 59) is **GRANTED**;

**IT IS FURTHER ORDERED** that all of plaintiffs' claims against the Department of Labor are hereby dismissed with prejudice at plaintiffs' costs.

New Orleans, this 10th day of September, 2009.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE